UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.:

MAHER WEDEH,

      Plaintiff,

v.

SYNOVUS BANK,
a Foreign Profit Corporation,

      Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Maher Wedeh ("Mr. Wedeh" or "Plaintiff") files this Complaint against Defendant, SYNOVUS BANK ("Defendant"), and states as follows:

## INTRODUCTION

Plaintiff brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, *et seq.* ("FMLA"), the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA"), Title VII of the Civil Rights Act ("Title VII"), and Chapter 760 of the Florida Civil Rights Act ("FCRA") to recover from Defendant back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, front pay, declaratory relief, compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

## JURISDICTION, VENUE AND FMLA COVERAGE

1.     This Court has jurisdiction over Plaintiff's FMLA claims pursuant to 28 U.S.C. § 1337 and the FMLA, and has the authority to grant declaratory relief under the FMLA and pursuant to 28 U.S.C. § 2201, *et seq*.

2.     This Court has jurisdiction over Plaintiff's ADA/Title VII claims pursuant to 28 U.S.C. § 1331, as they arise under 42 U.S.C. § 12101, *et seq*, and this Court also has supplemental jurisdiction over Plaintiff's FCRA claims, as they arise out of the same operative facts and circumstances as his FMLA/ADA claims.

3.     At all times relevant hereto, Plaintiff was an employee of Defendant.

4.     Plaintiff worked for Defendant in Volusia County, Florida, and this venue is therefore proper.

5.     Defendant is a Foreign Profit Corporation conducting business in Volusia County, Florida, and is therefore within the jurisdiction of the Court.

6.     At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce that employed 50 or more employees within 75 miles of where Plaintiff worked, for each working day during each of 20 or more calendar workweeks, prior to seeking leave under the FMLA.

7.     At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that he: (a) suffered from a serious health

condition as defined by the FMLA which necessitated FMLA leave; and (b) was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to him seeking to exercise his rights to FMLA leave.

8.      Plaintiff is a disabled male. At all times material, Plaintiff was protected during his employment with Defendant by the FCRA, the ADA, and Title VII because:

> a.      Plaintiff was a disabled or "perceived as disabled" employee who suffered discrimination and harassment because of his disability or "perceived disability" by Defendant, and on the basis of his sincerely held religious belief; and

> b.      Plaintiff was retaliated against and suffered adverse employment action and was subjected to an increasingly hostile work environment as a result of his disability or "perceived disability" and based on his sincerely held religious belief.

9.      Defendant is at all times an "employer(s)" as envisioned by the ADA and FCRA as it employed in excess of fifteen (15) employees.

## CONDITIONS PRECEDENT

10.      On or around April 27, 2021, Plaintiff dual-filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission

("EEOC") and Florida Commission on Human Relations ("FCHR") alleging disability discrimination and retaliation against Defendant.

11.     More than 180 days have passed since the filing of the Charge of Discrimination.

12.     On March 29, 2022, Plaintiff received the EEOC's Notice of Right to Sue against Defendant, giving Plaintiff the right to bring a civil action on his claims within 90 days of his receipt of the same.

13.     Plaintiff timely files this action within the applicable period of limitations against Defendant.

14.     All conditions precedent to this action have been satisfied and/or waived.

## FACTUAL ALLEGATIONS

15.     Mr. Wedeh, who is Muslim, worked for SB as a Vice President and Retail Market Manager from August 1, 2019, until his termination on February 26, 2021.

16.     During his time with Defendant, Mr. Wedeh was an excellent employee, with no history of non-ADA/FCRA/FMLA-related attendance, performance or tardiness issues.

17.     Mr. Wedeh was subjected to negative treatment and insulting remarks by one of his Managers at SB, Matthew Lookretis because of Mr. Wedeh's sincerely held religious beliefs.

18.     On September 9, 2020, Mr. Lookretis insulted both Mr. Wedeh and one of SB's Muslim clients, Dr. Taher.

19.     Mr. Wedeh objected to Mr. Lookretis that SB's actions violated, *inter alia*, Title VII and the FCRA.

20.     Following Mr. Wedeh's objection, on September 10, 2020, the very next day, Mr. Lookretis falsely accused Mr. Wedeh of not smiling, of looking tired and "disengaged," and of using Skype during a conference call.

21.     On another occasion, Mr. Lookretis nastily told Mr. Wedeh, "we'll see how special you are at the end of the [financial] quarter."

22.     On September 15, 2020, Mr. Wedeh objected to SB's Human Resources Department that SB's actions violated, *inter alia*, Title VII and the FCRA.

23.     SB's Paulette Wyrock told Mr. Wedeh, in response to Mr. Wedeh's objections, that Mr. Lookretis "likes to joke" and told Mr. Wedeh that he should not be "sensitive" or "easily offended."

24.     Mr. Wedeh calmly explained to Ms. Wyrock that Mr. Lookretis's "jokes" were not funny, and that SB's abuse instead constituted harassment and discrimination, based on his religion.

25.  Mr. Wedeh memorialized his objections via a letter sent to SB on September 16, 2020.

26.  In January and February of 2021, Mr. Lookretis retaliated against Mr. Wedeh by lodging spurious false complaints against him.

27.  On February 24, 2021, Mr. Wedeh experienced symptoms of disabilities and serious health conditions, specifically acute anxiety as well as hypertension, and bipolar disorder.

28.  Mr. Wedeh's anxiety, hypertension, and bipolar disorder were exacerbated by SB's relentless campaign of abuse, harassment, and discrimination based on religion.

29.  Mr. Wedeh was out of the office on February 25 and February 26, 2021, due to a flare-up of his anxiety, hypertension, and bipolar disorder.

30.  On the morning of February 26, 2021, Mr. Wedeh requested from SB's Human Resources Department a period of continuous unpaid FMLA leave in order to treat and address his serious health conditions, and objected to SB that its actions violated, *inter alia*, the ADA and the FCRA.

31.  Later that same day, February 26, 2021, Mr. Lookretis called Mr. Wedeh with Ms. Wyrock and informed Mr. Wedeh that SB had decided to terminate his employment, effective immediately.

32.     Such a discriminatory and unlawful termination is exactly the type of adverse employment action that the ADA, Title VII, the FCRA, and the FMLA were intended to prevent.

33.     In reality, Defendant's termination of Mr. Wedeh stemmed from its discriminatory animus toward his very recent use of what should have been FMLA leave, his request for further leave, his need for accommodation under the ADA/FCRA, and based on his sincerely held religious belief.

34.     Any other reason given for Plaintiff's termination is a pretext, designed to cover up FMLA interference and retaliation, disability discrimination and retaliation, and religious discrimination.

35.     The timing of Plaintiff's termination makes the causal connection between his use of what should have been FMLA leave, his request for reasonable accommodation under the ADA/FCRA, and his termination sufficiently clear.

36.     An employer is required to provide its disabled employees with a reasonable accommodation, if that reasonable accommodation would allow that employee to perform the essential functions of his job, unless doing so would impose an undue hardship. *Smith v. Avatar Properties, Inc.*, 714 So. 2d 1103, 1107 (Fla. 5th DCA 1998).

37.     Mr. Wedeh is an individual with a disability who, with reasonable accommodation, was fully capable of performing the essential functions of his job.

38.     Allowing Mr. Wedeh to utilize a period of unpaid leave without penalty or negative repercussions, such as termination, would have been a reasonable accommodation.

39.     By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADA and the FCRA.

40.     The facts surrounding Plaintiff's termination also create a strong inference of disability discrimination in violation of the ADA/FCRA.

41.     Defendant was aware of Plaintiff's ADA/FCRA-protected disability and need for accommodation.

42.     "Reasonable accommodation" under the ADA may include "job restructuring, part-time or modified work schedules, reassignment to a vacant position, acquisition or modification of equipment or devices . . .and other similar accommodations." 42 U.S.C. § 12111(9)(B).

43.     Defendant, however, being well aware of Plaintiff's condition, discriminated and retaliated against Plaintiff for taking time off work to seek treatment, and for requesting reasonable accommodation.

44.     In short, despite the availability of reasonable accommodation under the ADA and FCRA, Defendant discriminated against Mr. Wedeh based upon his disability.

45.     At all times material hereto, Plaintiff was ready, willing and able to perform his job duties and otherwise qualified for his position, with "reasonable accommodation."

46.     Pleading in the alternative, Defendant perceived Plaintiff as being "disabled," and therefore unable to perform the essential functions of his position, despite the fact that Plaintiff could perform same with reasonable accommodation.

47.     Pleading in the alternative, Plaintiff's impairment did not substantially limit a major life activity but was treated by Defendant as if it did.

48.     Pleading in the alternative, Plaintiff's health condition constituted an impairment that limited a major life activity only because of Defendant's attitude toward the impairment.

49.     Pleading in the alternative, Plaintiff had no impairment, whatsoever, but was treated by Defendant as having a disability as recognized by the ADA/FCRA.

50.     Plaintiff was a disabled individual, or otherwise perceived as disabled by Defendant, during his employment.  Therefore, he is protected class member as envisioned by the ADA and the FCRA.

51.     Plaintiff suffered sufficiently severe and pervasive treatment, and ultimately termination, because of his disability and/or "perceived disability."

52.     Defendant interfered with Plaintiff's use of his FMLA benefits that he was entitled to.

53.     Defendant also retaliated against Plaintiff for attempting to utilize and/or utilizing FMLA leave.

54.     Defendant's adverse employment actions were taken to interfere with, and in retaliation for, Mr. Wedeh notifying Defendant of his serious health condition, and in retaliation for Mr. Wedeh attempting to utilize unpaid leave pursuant to the FMLA in order to treat and address same.

55.     Defendant purposefully and intentionally interfered with and retaliated against Plaintiff for his use and/or attempted utilization of what should have been protected FMLA leave.

56.     Defendant did not have a good faith basis for its actions.

57.     Defendant did not have a legitimate, non-retaliatory reason, for its actions.

58.     As a result of Defendant's illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which he is entitled.

59.     Defendant lacked a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

60.     Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## UNLAWFUL INTERFERENCE UNDER THE FMLA

61.     Plaintiff reincorporates and readopts all allegations contained within 1 through 7, 15, 16, 27 through 35, and 52 through 60, of the Paragraphs above.

62.     At all times relevant hereto, Plaintiff was protected by the FMLA.

63.     At all times relevant hereto, Defendant interfered with Plaintiff by failing to provide his FMLA paperwork or advise him of his rights and obligations under the FMLA in response to receiving notice of his serious health condition.

64.     At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

65.     As a result of Defendant's willful and unlawful acts by interfering with Plaintiff for exercising or attempting to exercise his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

66.     As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief,

declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II
## UNLAWFUL RETALIATION UNDER THE FMLA

67.     Plaintiff reincorporates and readopts all allegations contained within 1 through 7, 15, 16, 27 through 35, and 52 through 60, of the Paragraphs above.

68.     At all times relevant hereto, Plaintiff was protected by the FMLA.

69.     At all times relevant hereto, Defendant retaliated against Plaintiff by firing him for his use or attempted use of FMLA-protected leave.

70.     At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

71.     At all times relevant hereto, and for purposes of the FMLA retaliation claim, Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff exercised or attempted to exercise his rights to take approved leave pursuant to the FMLA.

72.     As a result of Defendant's intentional, willful and unlawful acts by retaliating against Plaintiff for exercising or attempting to exercise his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

73.     As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

<u>**COUNT III**</u>
<u>**DISCRIMINATION UNDER THE ADA BASED ON DISABILITY**</u>

74.    Plaintiff reincorporates and readopts all allegations contained within 2 through 5, 8 through 16, 27 through 51, and 56 through 60, of the Paragraphs above.

75.    The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the ADA.

76.    The discrimination to which Plaintiff was subjected was based on his disability and/or "perceived disability."

77.    The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

78.    Plaintiff has suffered damages as a result of Defendant's illegal conduct toward him.

79.     The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

80.     Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

<u>**COUNT IV**</u>
<u>**DISCRIMINATION UNDER THE FLORIDA CIVIL RIGHTS ACT**</u>
<u>**BASED ON DISABILITY**</u>

81.     Plaintiff reincorporates and readopts all allegations contained within 2 through 5, 8 through 16, 27 through 51, and 56 through 60, of the Paragraphs above.

82.     The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the FCRA, Chapter 760, Florida Statutes.

83.     The discrimination to which Plaintiff was subjected was based on his disability/handicap, or "perceived disability."

84.     The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

85.     The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

86.     Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to section 760.11(5), Florida Statutes.

87.     Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT V
## RETALIATION UNDER THE ADA BASED ON DISABILITY

88.     Plaintiff reincorporates and readopts all allegations contained within 2 through 5, 8 through 16, 27 through 51, and 56 through 60, of the Paragraphs above.

89.     Plaintiff was terminated within close temporal proximity of his request for reasonable accommodations due to his disability.

90.     Plaintiff's request constituted protected activity under the ADA.

91.     Plaintiff was terminated as a direct result of protected activity under the ADA.

92.     Plaintiff's request for reasonable accommodations, and his termination, are causally related

93.     Defendant's stated reasons for Plaintiff's termination are a pretext.

94.     The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

95.     The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

96.     Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

97.     Plaintiff has no plain, adequate, or complete remedy at law for the

actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT VI
## RETALIATION UNDER THE FLORIDA CIVIL RIGHTS ACT
## BASED ON DISABILITY

98.     Plaintiff reincorporates and readopts all allegations contained within 2 through 5, 8 through 16, 27 through 51, and 56 through 60, of the Paragraphs above.

99.     Plaintiff was terminated within close temporal proximity of his request for reasonable accommodations due to his disability.

100.    Plaintiff's request constituted protected activity under the FCRA.

101.    Plaintiff was terminated as a direct result of protected activity under the FCRA.

102.    Plaintiff's request for reasonable accommodations, and his termination, are causally related.

103.    Defendant's stated reasons for Plaintiff's termination are a pretext.

104.    The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages

and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

105.    The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

106.    Plaintiff is entitled to recover his reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), Florida Statutes.

107.    Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT VII:
## DISCRIMINATION UNDER TITLE VII
## BASED ON RELIGION

108.    Plaintiff reincorporates and readopts all allegations contained within 2 through 5, 8 through 26, 31 through 33, and 56 through 60, of the Paragraphs above.

109.   The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against religious discrimination under Title VII.

110.   The discrimination to which Plaintiff was subjected was based on his religion.

111.   Defendant treated Plaintiff differently based on Plaintiff's religious beliefs or practices, in violation of Title VII.

112.   Plaintiff has suffered damages as a result of Defendant's illegal conduct toward him.

113.   The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

114.   Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 2000e-5(k).

115.   Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff demands trial by jury, reemployment/reinstatement, back pay, lost wages, front pay if reinstatement and/or reemployment is not possible, compensatory damages, punitive damages, and attorneys' fees and costs.

## COUNT VIII:
## DISCRIMINATION UNDER THE FLORIDA CIVIL RIGHTS ACT BASED ON RELIGION

116.   Plaintiff reincorporates and readopts all allegations contained within 2 through 5, 8 through 26, 31 through 33, and 56 through 60, of the Paragraphs above.

117.   The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against religious discrimination under the FCRA.

118.   The discrimination to which Plaintiff was subjected was based on his religion.

119.   Defendant treated Plaintiff differently based on Plaintiff's religious beliefs or practices, in violation of the FCRA.

120.   Plaintiff has suffered damages as a result of Defendant's illegal conduct toward him.

121.   The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

122.   Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), Florida Statutes.

123.   Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff demands trial by jury, reemployment/reinstatement, back pay, lost wages, front pay if reinstatement and/or reemployment is not possible, compensatory damages, punitive damages, and attorneys' fees and costs.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff hereby demands a trial by jury on all issues so triable.

DATED this 9th day of June, 2022.

Respectfully Submitted,

**By:** *<u>/s/ Noah Storch</u>*
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
10368 W. SR 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail: noah@floridaovertimelawyer.com